UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CUEVAS,<br><br>                                  Plaintiff,<br><br>v.<br><br>PRESTIGE DEFAULT SERVICES, LLC; SHELLPOINT MORTGAGE SERVICING; NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; and UMB BANK, N.A., AS OWNER TRUSTEE FOR VMCAP TRUST U-OR1,<br><br>                                  Defendants. | Case No.: 3:25-cv-02153-JES-BJW<br><br>**ORDER:**<br><br> **(1) GRANTING MOTION TO REMAND; and**<br><br>**(2) DENYING MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 3, 5]** |

Before the Court is a motion to dismiss filed by Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Newrez"), and UMB Bank, N.A. (collectively, "Defendants") and a motion to remand filed by Plaintiff Oscar Cuevas ("Plaintiff"). ECF Nos. 3, 5. Both motions are fully briefed. ECF Nos. 4, 9, 10. Since Plaintiff challenges the Court's jurisdiction to hear this matter, the Court must first address the motion to remand prior to addressing the motion to dismiss. The motion to remand requires the Court to decide whether the removal statute, which requires removal 30 days after service, permits

removal months after a defendant's substantive litigation in state court if plaintiff never properly effectuated service. Defendants argue that their removal almost five months after the state court claim was filed is timely, because they were never properly served and thus the removal timeline never started. ECF No. 10 ("Opp'n."). The Court disagrees with Defendants' position on the removal statute, and finds that the 30-day removal timeline began when Defendants' general appearance in state court operated as a summons and cured defects in Plaintiff's service under state law. For the reasons discussed below, the Court finds that removal was untimely, and **GRANTS** Plaintiff's motion to remand. The Court **DENIES AS MOOT** Defendants' motion to dismiss.

## I.     BACKGROUND

Plaintiff lives at a property, 28114 Queensbridge Road, Valley Center, California 92082 ("the Property"), upon which Defendants seek to foreclose. ECF No. 1-2 ("Compl.") ¶¶ 1, 4. The Property is owned by Evelyn M. Morgan ("Morgan"), who is not a party to this action.  ECF No. 1 ¶ 2. Plaintiff alleges that he entered into an unrecorded lease-to-own agreement with Morgan on October 1, 2019, which he argues gives him equitable interest in the property. Compl. ¶ 2.

On March 28, 2025, Plaintiff filed the present action in San Diego Superior Court, where the case proceeded for nearly five months. ECF No. 1-5 ("State Dkt."). On April 2, 2025, Plaintiff filed a motion for a temporary restraining order and Newrez filed an opposition to Plaintiff's TRO application. *Id.* at 4. On April 16, 2025, Newrez filed an opposition to Plaintiff's application for a preliminary injunction, and a proof of service, declaration/pleading, and request for judicial notice regarding the same. *Id.* On April 18, 2025, Newrez filed a peremptory challenge. *Id.* at 3. On May 9, 2025, all four Defendants named in this action filed an *ex parte* application and supporting documents, a proposed order, and proof of service. *Id.* The state court held a motion hearing on June 27, 2025. *Id.* at 2. On July 16, 2025, Prestige Default Services, LLC ("Prestige") filed its declaration of Non-Monetary Status in state court. *Id.*

On August 20, 2025, Defendants removed the case to this Court. ECF No. 1. In the notice of removal, Defendants allege there is federal subject matter jurisdiction through diversity jurisdiction. *Id*. ¶¶ 6-11. On September 19, 2025, Plaintiff filed the current motion for remand. ECF No. 5.

## II.    LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

"Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Audo v. Ford Motor Co.*, No. 3:18-cv-00320-L-KSC, 2018 WL 3323244, at *1 (S.D. Cal. July 6, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Therefore, the "burden of establishing that removal is proper" always lies with the defendant. *Gaus*, 980 F.2d at 566. If there is any doubt as to the propriety of removal, the court shall reject federal subject matter jurisdiction. *Id.*; *see also Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court.").

Federal subject matter jurisdiction may arise based on federal question or diversity jurisdiction. 28 U.S.C. § 1331, 1332(a). The statute governing diversity jurisdiction requires complete diversity between plaintiffs and defendants. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Further, to satisfy section 1332, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

//

### III.    DISCUSSION

Plaintiff raises three bases for remand; (1) the presence of a non-diverse defendant, Prestige, who is a California citizen; (2) the removal was untimely under 28 U.S.C. § 1446(b); and (3) the removal lacked the unanimous consent of all properly served defendants. Mot. at 8-9. The Court will address Plaintiff's argument regarding untimely removal. Plaintiff argues removal was untimely under 28 U.S.C. § 1446(b) because Defendants removed the case almost five months after the initial action was filed in state court. *Id.* Defendants disagree, arguing that the 30-day period to remove never began because Plaintiff never properly effectuated service. Opp'n. at 5. The Court agrees with Plaintiff that remand is proper because removal was untimely.

Plaintiff argues that removal was untimely because it was outside the statutory 30-day limit to remove cases from state to federal court. Mot. at 8. The statute governing removal of state court actions requires as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Interpreting this statute, the Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). "When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

In California, "[a] general appearance by a party is equivalent to personal service of summons on such party." Cal. Civ. Proc. Code § 410.50. "'A general appearance operates

as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service.'" *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1145 (2004) (quoting 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 190, p. 756)).[1] "A general appearance occurs when a party [] participates in an action in some manner which recognizes the authority of the court to proceed" including "rais[ing] any question or ask[ing] for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person." *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 52-53 (2004) (internal quotations and citations omitted). "Thus, if a defendant seeks any affirmative relief on the merits, the application may be deemed a general appearance." *Id.* at 53. Parties may preserve service objections under California law by filing motions to quash service before or concurrently with general appearances. *See ViaView, Inc. v. Retzlaff*, 1 Cal. App. 5th 198, 213-14 (2016) (citing Cal. Civ. Proc. Code § 418.10(e) for the proposition that "'*no act* by a party who makes a [motion to quash], including filing an answer, demurrer, or motion to strike,' before or concurrently with taking that action will be deemed a general appearance until litigation of the motion to quash is finally resolved adversely to the defendant.").

Here, Defendants argue that removal was timely because they were never properly served, foreclosing the application of § 1446(b)'s timeliness requirement. Opp'n at 5. Defendants point out that Plaintiff attempted electronic service without their consent, which is impermissible under California law. *See id.*; Cal. Civ. Proc. Code § 1010.6(a)(2)(A)(ii); Cal. R. Ct. 2.251(b)(1). Thus, Defendants are correct that Plaintiff did not properly serve them with process under California law when he attempted electronic service. *See id.*; Mot. at 8.

---

[1] The same is true under federal law. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."). The Ninth Circuit has noted that the waiver rule avoids "sandbagging" by defendants, who could otherwise begin to litigate the merits of an issue, and then exercise their jurisdictional options only if they think they will lose. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998).

However, it does not follow that, as Defendants argue, "the 30-day removal period under 28 U.S.C. § 1446(b) never began," when Defendants did not remove until nearly five months after the initial pleading, and filed responsive filings in state court. *See* State Dkt. Newrez made its first appearance in state court on April 2, 2025, when they filed an opposition to a request for a temporary restraining order. *Id.* at 4. On May 9, 2025, all four named Defendants filed an *ex parte* application and supporting documents, a proposed order, and proof of service. *Id.* at 3. By making substantive filings requesting relief which could only be granted if the state court had jurisdiction, such as an *ex parte* application and a proposed order, Defendants recognized the state court's authority over the proceeding. *See Dial 800*, 118 Cal. App. 4th at 52-53. The April 2, 2025, filing constituted a general appearance on the part of Newrez. *See id.* The May 9, 2025, filings thus constituted a general appearance on the part of all Defendants. *See id.* Defendants, who bear the burden of showing removal was proper, do not state that they raised jurisdictional or service of process issues in those filings. *See Gaus*, 980 F.2d at 566. Defendants also do not state that they filed a motion to quash service concurrently with their general appearance to preserve the objection. *See id.*; *ViaView*, 1 Cal. App. 5th at 213-14. Therefore, the May 9, 2025, filing was a general appearance which operated as equivalent to personal service of a summons on Defendants under California law, curing Plaintiff's defective service. *See Fireman's Fund Ins. Co.,* 114 Cal. App. 4th at 1145.

Under the removal statute as interpreted by the Supreme Court, the period to remove this case began when the complaint had been filed and service of summons was proper. *See Murphy Bros*., 526 U.S. at 354 ("[I]f the complaint is filed in court prior to any service, the removal period runs from the time of service of the summons."). Because the state law equivalent of a proper summons existed against all Defendants under California law on May 9, 2025, the removal period ran for 30 days after that date, or until June 8, 2025. *See id.*; *Whidbee.*, 857 F.3d at 1023 (holding that state law governs sufficiency of process for removal purposes). Plaintiff is therefore correct that Defendant's removal on August 20, 2025, was untimely. *See id.*; Mot. at 8. The Court **GRANTS** Plaintiff's motion for remand

on the basis that removal was untimely. The Court declines to address Plaintiff's remaining arguments for removal.

### IV.   CONCLUSION

After due consideration and for the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. The case is **REMANDED** back to the San Diego Superior Court. The Court **DENIES AS MOOT** Defendant's pending motion to dismiss. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 25, 2026

Honorable James E. Simmons Jr.
United States District Judge

7

3:25-cv-02153-JES-BJW